```
-------------------------------------------X
In The Matter Of The Arbitration

        between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,           OPINION
New York City District Council of Carpenters
Annuity Fund, New York City District Council             AND
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,              AWARD
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and New York City
and Vicinity Joint Labor Management Cooperation
Trust Fund, by Michael J. Forde and Paul
O'Brien, Trustees
                        (Funds)

        -and-

UNIQUE INSTALLERS INCORPORATED
                        (Employer)
-------------------------------------------X
BEFORE:  Robert Herzog, Esq.
```

UNIQUE INSTALLERS INCORPORATED (hereinafter referred to as the "Employer") and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America are parties to a Collective Bargaining Agreement, dated July 1, 2001 providing for arbitration of disputes before the undersigned Arbitrator as Impartial Arbitrator, and in which the Employer has therein agreed, for the duration of the Agreement, to pay contributions toward employee benefit funds (hereinafter collectively referred to as the "Funds"). The Funds, as beneficiary

1

of the Collective Bargaining Agreement, have standing before the Arbitrator. In accordance therewith, the Funds, by a December 9, 2005 Notice of Intention to Arbitrate, demanded arbitration. The Funds alleged the Employer failed to make sufficient benefit contributions to the Funds for the period of April 30, 2003 through December 31, 2004 as required by the Collective Bargaining Agreement.

A Notice of Hearing dated January 19, 2007 advised the Employer and the Funds that the arbitration hearing was scheduled for February 13, 2007. The Notice of Hearing was sent to the Employer by regular and certified mail. The regular mail copy of the Notice of Hearing was not returned to sender and deemed delivered to the Employer. The certified mail copy of the Notice of Hearing was not returned as undeliverable, but was returned marked "unclaimed." United States Postal Service records indicate that notice of certified mail was left with the Employer on January 24, 2007 at 3:46 pm. The Employer failed to heed the notice and the postal service declared the envelope to be unclaimed and so marked the envelope on February 8, 2007. The Employer is deemed to have received the Notice of Hearing based on the delivery of the regular mail copy and the Employer's voluntary act of not claiming the certified mail copy.

On February 13, 2007, at the place and time designated by the January 19, 2007 Notice of Hearing, Steven Kasarda, Esq. appeared on

behalf of the Funds. Despite the Employer having been sent notice of the proceeding and the claim against it, no appearance on its behalf was made. Also, no written, mutually agreed upon waiver by the parties to adjourn the proceeding, as required by the Collective Bargaining Agreement, was presented. The arbitration proceeded as a Default Hearing. Full opportunity was afforded the party present to be heard, to offer evidence, and to examine witnesses. The Funds thereupon presented their proofs to the Arbitrator.

The uncontroverted testimony and evidence established that:
- During the April 30, 2003 through December 31, 2004 period, the Employer was bound to a Collective Bargaining Agreement with the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.
- The Collective Bargaining Agreement obligated the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreement.
- The Collective Bargaining Agreement authorized the Funds to conduct audits of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.

- In accordance with this auditing provision, an accountant, employed by the Funds, and with the consent of the Employer, performed audits of the Employer's books and records.

The testimony of the Funds' auditor, Mr. Anthony Sgroi, established that the audit of the Employer's books and records uncovered delinquencies in the amount of contributions due the Funds during the period of April 30, 2003 through December 31, 2004. The testimony further revealed that a copy of the Audit Summary Report had been forwarded to the Employer. Thereafter, the Funds demanded payment by the Employer. When the Employer failed to comply with the payment demand, the Notice of Intent to Arbitrate issued.

Auditor Sgroi's testimony set forth the accounting method employed during the course of the audit and the computation of the amount of each alleged delinquency. The total amount of the delinquency and interest for the April 30, 2003 through December 31, 2004 period was twenty-two thousand forty-four dollars and seventy-nine cents ($22,044.79). The Funds requested an award for contributions owed, interest, liquidated damages, promotional fund assessment, audit and counsel fees, arbitration and court costs as provided for by the Collective Bargaining Agreement. Testimony computing these amounts was received into evidence.

## AWARD

Based upon the substantial and credible evidence of the case as a whole:

1. UNIQUE INSTALLERS INCORPORATED is delinquent in its Fringe Benefit payments due and owing to the Funds under the terms of the Collective Bargaining Agreement;

2. UNIQUE INSTALLERS INCORPORATED shall pay to the Funds forthwith the said delinquency amount, interest on said delinquency amount, liquidated damages, the promotional fund assessment, the Funds' audit and counsel's fees, the undersigned Arbitrator's fee, and all associated court costs in the following amounts:

   | | |
   |---|---:|
   | Principal Due | $ 17,255.49 |
   | Interest Due | 4,789.30 |
   | Liquidated Damages | 4,789.30 |
   | Promotional Fund | 50.08 |
   | Court Costs | 350.00 |
   | Audit Costs | 500.00 |
   | Attorney's Fee | 1,500.00 |
   | Arbitrator's Fee | 500.00 |
   | TOTAL | $ 29,734.17 |

3. UNIQUE INSTALLERS INCORPORATED shall pay to the District Council Carpenters Benefit Funds the aggregate amount of twenty-nine thousand seven hundred thirty-four dollars and seventeen cents ($29,734.17) with interest to accrue at the rate of 10% from the date of this Award.

Dated: February 20, 2007

Robert Herzog
Arbitrator

5

State of New York  )
County of Rockland )

    I, Robert Herzog, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

Dated: February 20, 2007

                                Robert Herzog
                                Arbitrator

To:   UNIQUE INSTALLERS INCORPORATED
      Attn: Frank Thompson, President
      205 Grand Street
      Croton, New York 10520

      Steven Kasarda, Esq.
      New York City District Council Carpenters Benefit Funds
      395 Hudson Street
      New York, New York 10014